UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**James T. Briand**

    v.                              Civil No. 16-cv-313-PB
                                        Opinion No. 2017 DNH 159

**US Social Security Administration,
Acting Commissioner, Nancy A. Berryhill**


**MEMORANDUM AND ORDER**

James Briand challenges the Social Security Administration's decision to deny his claim for Supplemental Security Income and Disability Insurance Benefits. Briand argues that the Administrative Law Judge incorrectly formulated his residual functional capacity by omitting a limitation that requires Briand to periodically take a break from standing.

## I. BACKGROUND

In accordance with Local Rule 9.1, the parties have submitted a joint statement of stipulated facts (Doc. No. 14). Because that joint statement is part of the court's record, I do not recount it here. I discuss facts relevant to the disposition of this matter as necessary below.

## II. **STANDARD OF REVIEW**

I am authorized to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner. See 42 U.S.C. § 405(g). That review is limited, however, "to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). I defer to the ALJ's findings of fact, so long as those findings are supported by substantial evidence. Id. Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

If the substantial evidence standard is met, the ALJ's factual findings are conclusive, even where the record "arguably could support a different conclusion." Id. at 770. Findings are not conclusive, however, if the ALJ derived his findings by "ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). The ALJ is responsible for determining issues of credibility and for drawing inferences from evidence

2

in the record.  Irlanda Ortiz, 955 F.2d at 769.  It is the role of the ALJ, not the court, to resolve conflicts in the evidence. Id.

### III. **ANALYSIS**

Briand is a 52-year-old man who previously worked as a sandblaster, pipefitter, and hand cutter.  See Tr. 2, 123, 153. He alleges that he has been disabled since May 31, 2013.  Tr. 375, 659.

In June 2013, Briand filed his first application for benefits.  Tr. 148.  On June 16, 2014, an ALJ denied his claim. Tr. 8.  Briand then challenged the denial by filing an action in this court over which Judge McCafferty presided.  Tr. 424-39; Briand v. Colvin, 2015 DNH 131.  While that action was pending, Briand filed new applications for benefits, alleging disability since the day after the ALJ's decision.  Tr. 458-79.  On May 27, 2015, a single decision-maker approved the new applications, finding that Briand was disabled because his hip impairment met a qualifying listing.  Tr. 477-78.

In a decision issued the following month, Judge McCafferty remanded Briand's challenge to the denial of his 2013 application.  Briand, 2015 DNH 131 at 15.  Judge McCafferty explained that an uncontroverted medical opinion limited Briand to taking a break from standing every 30 minutes (the "sit/stand limitation"), and the ALJ erred by omitting the limitation from

3

Briand's residual functional capacity ("RFC") assessment.  Id. at 14.  The Appeals Council, in turn, remanded the case for reconsideration by the ALJ.  Tr. 442-43.  The Appeals Council also instructed the ALJ to evaluate whether to reopen the single decision-maker's approval of Briand's 2014 applications.  Tr. 442.

On remand, the ALJ held a hearing at which a vocational expert, an orthopedic medical expert, and Briand testified.  Tr. 373-402.  On March 29, 2016, the ALJ issued a new decision concluding that Briand was not disabled.  Tr. 340-372.  The ALJ reopened the single decision-maker's approval and specified that the ALJ's latest conclusions ran from the alleged onset date through the date of the 2016 decision.  Tr. 343-44, 362-63. Briand then filed this action challenging the decision.  Doc. No. 1.

Briand argues, inter alia, that the ALJ erred by again failing to include the sit/stand limitation in the RFC. Although no such limitation was found by the orthopedic expert who testified at the remand hearing, Briand observes that the expert's opinion was based strictly on Briand's orthopedic conditions, and the expert did not consider Briand's other medically determinable impairments and their functional implications.  In response, the Acting Commissioner acknowledges the limited scope of the expert's opinion, but argues that the

4

ALJ permissibly omitted the sit/stand limitation because Briand's non-orthopedic impairments were not severe. See Doc. No. 12-1 at 12-13; see also Doc. No. 14 at 6. For the following reasons, I conclude that the ALJ erred in formulating Briand's RFC.

**A.  Residual Functional Capacity**

A claimant's RFC is "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ must "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523(c) (2016) (since amended), 42 U.S.C. § 423(d)(2)(b). If the ALJ finds "a medically severe combination of impairments," he must "consider the combined impact of the impairments" in formulating the RFC. See 42 U.S.C. § 423(d)(2)(b). The RFC is "based on all the relevant evidence in [the] record." 20 C.F.R. § 416.945(a)(1). But the ALJ, as a layperson, may not reject an uncontroverted medical opinion. Nguyen, 172 F.3d at 35.

In this case, as in the previous case, the ALJ found that Briand could perform light work subject to certain limitations, but omitted the sit/stand limitation. Because light work was available to someone with the assigned RFC, the ALJ concluded that Briand was not disabled. On appeal, I determine whether

the RFC assigned to Briand is free from legal error and supported by substantial evidence.  See Nguyen, 172 F.3d at 35.

The ALJ's prior decision gave "great weight" to the opinion of consulting state physician Hugh Fairley, M.D., who reviewed the record and opined on Briand's RFC.  Tr. 19-20.  Dr. Fairley found that Briand had three medically determinable impairments that were severe: chronic venous insufficiency, obesity, and peripheral neuropathy.  Tr. 48-49, 53; Doc. No. 14 at 14.  Dr. Fairley also identified non-severe impairments of osteoarthritis and sleep apnea.  Tr. 49.  Dr. Fairley concluded that Briand's impairments allowed him to perform light work, subject to certain limitations.  Tr. 19, 50-52.  Among those limitations, Dr. Fairley found that Briand must "periodically alternate [between] sitting and standing to relieve pain and discomfort."  Tr. 51.  Dr. Fairley further specified: "Change stand to walk/sit 1/2 hrly for a few minutes."  Tr. 51.  In addition, Dr. Fairley found that Briand must avoid exposure to hazards and avoid concentrated exposure to vibration and extreme temperatures.  Tr. 52.  The ALJ's first decision incorporated these environmental limitations into the RFC, but omitted the sit/stand limitation.  Tr. 17.  Judge McCafferty remanded because of this omission.  Briand, 2015 DNH 131 at 10-11, 14-15.

In the case before me, Briand argues that the ALJ "did not fix the type of harmful errors [that] he had made previously and

6

which were identified" by Judge McCafferty. Doc. No. 10-1 at 7. Indeed, the ALJ again omitted the sit/stand limitation. Tr. 355. The ALJ neither mentions this limitation when recounting Dr. Fairley's findings, nor justifies its omission when explaining the newly assigned RFC. See Tr. 355-61. Rather, the ALJ's lone mention of the sit/stand limitation comes only at step five of the sequential process, when the ALJ considers jobs available to Briand. See Tr. 362. The ALJ nakedly asserts that the sit/stand limitation identified by Dr. Fairley "is not supported by the medical record as a whole." Tr. 362.[1]

The Acting Commissioner advances two arguments to support her contention that the ALJ permissibly omitted the sit/stand limitation. See Doc. No. 12-1 at 12-13. Neither has merit. The Acting Commissioner first argues that the ALJ permissibly relied on the opinion of non-examining orthopedic expert John Kwock, M.D., who testified at the remand hearing and omitted Dr. Fairley's sit/stand limitation. I disagree. An ALJ may not "substitute his own views for [an] uncontroverted medical opinion." See Nguyen, 172 F.3d at 35. Dr. Kwock's opinion was

---

[1] The ALJ never acknowledges his omission of the environmental limitations that were included in the first RFC assessment and identified by Dr. Fairley. Compare Tr. 17 with 355.

7

strictly limited.[2]  He did not consider whether Briand had non-orthopedic impairments, let alone assess their functional implications.  Tr. 377–82.  Rather, Dr. Kwock explicitly stated that his opinion addressed only Briand's osteoarthritis and obesity.  Tr. 377–79.  That narrower opinion did not displace the limitation identified by Dr. Fairley, who considered all of Briand's impairments and their functional effects.  Specifically, Dr. Fairley found that Briand had severe impairments of chronic venous insufficiency, obesity, and peripheral neuropathy, as well as non-severe impairments of osteoarthritis and sleep apnea.  Tr. 48–49, 53.  In explaining the sit/stand limitation, Dr. Fairley cited not merely Briand's obesity, but also his "venous incompetence with history of varicose ulcers," "stasis dermatitis," "diabetic neuropathy," "history of syncope" (fainting), and "symptoms of claudication [affecting] both calves."  Tr. 51.  Accordingly, Dr. Fairley's opinion on these subjects remained uncontroverted.  Because the ALJ cannot "substitute his own views for uncontroverted medical opinion," Nguyen, 172 F.3d at 35, the Acting Commissioner's first argument fails.

---

[2] The Acting Commissioner has waived any argument that Dr. Kwock's opinion was based on Briand's venous insufficiency, diabetes, etc.  See, e.g., Doc. No. 12-1 at 12–13.

8

The Acting Commissioner next argues that the ALJ permissibly omitted the sit/stand limitation because Briand's non-orthopedic impairments imposed no more than "minimal limitations on [his] ability to perform basic work activities and were non-severe." Doc. No. 12-1 at 13. This argument misses the mark. An RFC assessment must be based on the functional limitations imposed by all of a claimant's medically determinable impairments, both severe and non-severe, considered in combination. See 40 C.F.R. § 404.1523 (2016) (since amended); Social Security Ruling 96-8p, 1996 WL 374184 at *5 (July 2, 1996). Moreover, the ALJ is simply incorrect when he writes that there is "no opinion . . . that these other diagnoses are severe." Tr. 347. As discussed, Dr. Fairley reached an uncontroverted conclusion to the contrary. See Tr. 49-53; Doc. No. 14 at 14. In any event, "[a]s a lay person . . . the ALJ was simply not qualified to interpret raw medical data in functional terms . . . ." Nguyen, 172 F.3d at 35. Although additional medical records were admitted after Dr. Fairley's review, because those later findings "merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities," the ALJ was not permitted to "make that connection himself." Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) (quoting Rosado v. Sec'y of Health and Human Servs., 807 F.2d 292, 292

9

(1st Cir. 1986)). Thus, the Acting Commissioner's second argument fails. Accordingly, I conclude that the ALJ erred in formulating Briand's RFC.[3]

**B. The Errors Were Not Harmless**

The Acting Commissioner also appears to argue that even if the ALJ erred in formulating Briand's RFC, any error was harmless. I disagree.

The Acting Commissioner bore the duty at step five of "coming forward with evidence of specific jobs in the national economy that [Briand] can still perform." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001); see 20 C.F.R. § 404.1560(c). In concluding that jobs were available to Briand, the ALJ relied on the vocational expert's testimony at the remand hearing. The vocational expert testified that three light work jobs were available to someone with the RFC assigned by the ALJ. See Tr. 362. But Judge McCafferty's reasoning applies again with full force: because the vocational expert's testimony was predicated on an RFC that was missing a material limitation, the ALJ lacked substantial evidence for his conclusion at step five. See Briand, 2015 DNH 131, 10-11, 13.

---

[3] Because I remand on other grounds, I do not address Briand's remaining arguments. See Doc. No. 10-1 at 2 & n.1 (reopening of 2014 disability determination), 10-11 (opinions by non-doctors), 15-20 (mental impairments), 20-23 ("other source" evidence); see also Briand v. Colvin, 2015 DNH 131, 3 n.1 (declining to address mental impairments).

10

The ALJ also posed an alternative hypothetical at the remand hearing, but it too cannot justify his conclusion that Briand was not disabled. The ALJ asked the vocational expert whether jobs would be available to a hypothetical person who had a "full light-work capacity" and faced only a sit/stand limitation. Tr. 400. The vocational expert replied that although the previously identified light-work jobs would not be available, three sedentary jobs would be. Tr. 400. But this alternative hypothetical departed in material ways from the RFCs assigned both by the ALJ himself and doctors Kwock and Fairley. Even putting aside the sit/stand limitation, the ALJ found that Briand had other limitations that preclude a "full light-work capacity." See Tr. 355 (finding several such limitations); see also Tr. 361 (recognizing that assigned RFC precludes "the full range" of light work or "substantially all" of its requirements). So did Dr. Kwock. See Tr. 379, 381. And so did Dr. Fairley, whose additional limitations remained uncontroverted. See Tr. 63-64. For example, Dr. Fairley opined, and the ALJ found in his first decision, that Briand faced environmental limitations requiring him to avoid hazards and concentrated exposure to vibrations and extreme temperatures. Tr. 17, 64. For these reasons, the alternative hypothetical posed to the vocational expert did not furnish substantial evidence for the ALJ's conclusion that jobs were

11

available to Briand.  Accordingly, I decline to find the ALJ's errors harmless.

### IV. **CONCLUSION**

For the reasons set forth above, I grant Briand's motion to remand (Doc. No. 10) and deny the Acting Commissioner's motion to affirm (Doc. No. 12).  The clerk is directed to enter judgment accordingly and close the case, which I remand to the Acting Commissioner for further administrative proceedings consistent with this Memorandum and Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 28, 2017

cc: Janine Gawryl, Esq.
    Terry L. Ollila, Esq.